PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* FACUNDO LOZADA, Defendant and Appellant.

No. 3433. Argued March 20, 1928.—Decided March 26, 1928.

*F. Cervoni Gely* for the appellant. *José E. Figueras, Fiscal,* for the appellee.

Mr. Justice Aldrey delivered the opinion of the court.

Facundo Lozada was charged with murder in the second degree in that he killed Fermín González by inflicting on him several wounds with a *machete* under circumstances showing that he had a perverse and malignant heart.

The case was tried to a jury who convicted him of voluntary manslaughter and the court sentenced him to three years in the penitentiary. He has taken this appeal on the sole ground that the verdict is contrary to the evidence which, the appellant believes, proved a case of self-defense that exempts him from liability.

The evidence submitted by the prosecution at the trial consisted of the testimony of three witnesses and a medical expert. The defendant offered no evidence.

According to the statement of the case that we have before us, witness Faustino Rivera Molina testified under oath as follows: "That on the morning of January 4, 1926, in the ward of Jácana of Yabucoa, Facundo Lozada was visiting in his house when Fermín González arrived and entered the house with a spur in his hand and attacked Facundo with the spur; that Facundo dodged the blows and pushed Fermín who fell to the floor; that Facundo ran down to the door as if to leave, but Fermín followed him to the door striking him from behind with the spur; that Facundo was receding and approached the door of the house where a *machete* was hanging against the wall; that Facundo grabbed it and used it as a defense against the blows which Fermín was striking at him with the spur; that Facundo wounded Fermín every time that Fermín rushed at him, and said to him: 'For God's sake be quiet.' " Cruz Rivera Medina's testimony was about the same as that of the preceding witness, with the only difference that he said that when Fermín fell to the floor upon being pushed by Facundo the latter succeeded in throwing him down to the yard. The other witness, the municipal judge, testified only that Facundo

told him that he had killed Fermín because he attacked him with a spur while he was visiting in the house of a friend.

It appears from the testimony of the medical expert that the body of Fermín González bore thirteen wounds which he described, some of them being as follows: An incised wound about four centimeters long striking the bone of the parietal region, serious; another similar wound in the occipital region presenting erosions in the frontal region and in the left parietal region with complete division of the ear; another superficial incised wound about six centimeters long extending from the angle of the left eye to the left angle of the mouth; another deep wound about six centimeters long in the infra-scapular region of the back between the shoulder-blades; another in the right forearm about five centimeters long towards the internal side of the right forearm cutting into the muscles; another wound in the upper part of the left forearm about three inches below the elbow extending towards the interior and posterior parts of the forearm, cutting into the bone and severing the arteries; the most serious wound having been inflicted in the right arm, about ten centimeters long from three inches below the elbow in its internal part and reaching the upper part thereof through the skin, the muscles and severing the artery, the urnal vein and the cubit bone, causing a copious hemorrhage and the death of Fermín González.

The right of self-defense, according to section 54 of the Penal Code, in no case extends to the infliction of more harm than is necessary for the purpose of defense, and the circumstances must be such as to induce the mind of a reasonably prudent person to entertain the belief that the defendant was in peril of his life or great bodily harm; reasonable fear not meaning the fear of a coward but the fear of a reasonably courageous man. With these rules to guide us we shall consider the evidence.

The testimony of the two witnesses heard by the jury showed that the appellant was attacked in the house of a friend by Fermín González on his arrival there, striking him with a spur, but it has also been shown that the appellant was able, in the parlor of the house and without having then the *machete* which he used later, to throw his assailant to the floor and even into the yard, and this seems to show that the defendant was a stronger man than his aggressor. Later and while the attack with the spur was continued the appellant grabbed and used a *machete* with which he wounded Fermín every time that the latter attacked him, inflicting on him several wounds, some of them being so serious and so deep as to cause his death. One of the wounds was in the occipital region and another in the back between the shoulder blades, which leads us to the belief that he did not always strike his opponent while facing him and possibly struck him without having been attacked, considering the positions of those two wounds. Consequently, in view of the facts as shown we are not inclined to hold that the verdict of the jury is contrary to the evidence because they did not acquit the defendant on his plea of self-defense, and we must affirm the judgment appealed from.

Mr. Justice Hutchison concurred in the result.